**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-4025**

_____

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

   v.

ORLANDO RAMIREZ-AGUILAR,

          Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Anderson. Henry M. Herlong, Jr., Senior District Judge. (8:09-cr-00791-HMH-1)

_____

Submitted: June 23, 2010         Decided: July 6, 2010

_____

Before WILKINSON, SHEDD, and KEENAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. Maxwell B. Cauthen, III, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Orlando Ramirez-Aguilar pled guilty to illegally reentering the United States after being deported as an alien who had been convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2) (2006). The district court sentenced Ramirez-Aguilar to seventy-eight months in prison, the middle of the advisory guidelines range. On appeal, Ramirez-Aguilar's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that, in his view, there are no meritorious issues for appeal but questioning whether the sentence is reasonable. Ramirez-Aguilar filed a supplemental pro se brief.[*] Finding no reversible error, we affirm.

Although counsel identifies no error in the plea colloquy, we have reviewed the plea transcript and conclude that the district court substantially complied with the mandates of Fed. R. Crim. P. 11, in accepting Ramirez-Aguilar's guilty plea. Although the district court did not inform Ramirez-Aguilar of his right to confront and cross-examine witnesses, see Fed. R. Crim. P. 11(b)(1)(E), we find that such omission did not affect

---

[*] In his pro se brief, Ramirez-Aguilar attempts to challenge the validity of his prior conviction for criminal domestic violence of a high and aggravated nature and asserts that the district court punished him twice for the same offense by using his criminal domestic violence conviction to enhance his federal sentence for illegal reentry. We find his claims to be without merit.

2

his decision to plead guilty.  See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002) (discussing plain error standard of review); United States v. Goins, 51 F.3d 400, 402 (4th Cir. 1995) (discussing factors courts should consider in determining whether substantial rights affected in decision to plead guilty).  Moreover, the district court ensured that Ramirez-Aguilar's plea was knowing and voluntary and was supported by a sufficient factual basis.  See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).

Counsel suggests that Ramirez-Aguilar's within-guidelines sentence is unreasonable.  An appellate court reviews a sentence for reasonableness under an abuse-of-discretion standard.  Gall v. United States, 552 U.S. 38, 51 (2007).  This review requires consideration of both the procedural and substantive reasonableness of a sentence.  Id.  This court must assess whether the district court properly calculated the advisory guidelines range, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence.  Gall, 552 U.S. at 49-50; see United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010); United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009).  If there is no procedural error, the appellate court reviews the substantive reasonableness of the sentence, "examin[ing] the totality of the circumstances to see whether

3

the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). With these standards in mind, we have reviewed Ramirez-Aguilar's sentence and conclude that the district court did not abuse its discretion in sentencing him to seventy-eight months.

In accordance with Anders, we have reviewed the record and find no meritorious issues for appeal. Thus, we affirm the district court's judgment. This court requires that counsel inform Ramirez-Aguilar, in writing, of the right to petition the Supreme Court of the United States for further review. If Ramirez-Aguilar requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Ramirez-Aguilar. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED